In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-04-00101-CR
______________________________


TROY RANDALL OWEN, JR., Appellant
 
V.
 
THE STATE OF TEXAS, Appellee


                                              

On Appeal from the 124th Judicial District Court
Gregg County, Texas
Trial Court No. 31503-B


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Justice Carter


MEMORANDUM OPINION

            Troy Randall Owen, Jr., appeals his conviction by a jury for felony assault on a family or
household member. See Tex. Pen. Code Ann. § 22.01(b)(2) (Vernon Supp. 2004–2005). After
hearing conflicting testimony, the jury found that Owen assaulted his girlfriend, Alice Craven, who
was residing with Owen at the time of the incident, during an argument over a soda she had spilled. 
The jury assessed punishment at ten years' imprisonment. As his sole issue on appeal, Owen alleges
the evidence is factually insufficient to support the jury's verdict. We affirm the conviction.
            In our review of the factual sufficiency of the evidence concerning matters where the State
has the ultimate burden of proof or persuasion, we employ the standards set forth in Zuniga v. State,
144 S.W.3d 477, 484 (Tex. Crim. App. 2004).


 We view all the evidence in a neutral light and
determine whether the evidence supporting the verdict is too weak to support the finding of guilt
beyond a reasonable doubt or if evidence contrary to the verdict is strong enough that the
beyond-a-reasonable-doubt standard could not have been met. Threadgill v. State, 146 S.W.3d 654,
664 (Tex. Crim. App. 2004) (citing Zuniga, 144 S.W.3d at 486). If the evidence is factually
insufficient, then we must reverse the judgment and remand for a new trial. Clewis v. State, 922
S.W.2d 126, 135 (Tex. Crim. App. 1996). 
            Although Owen and Craven presented conflicting accounts of the events to the jury, the State
presented factually sufficient evidence of Owen's guilt. Section 22.01 provides that a person
commits an offense if the person "intentionally, knowingly . . . causes bodily injury to another,
including the person's spouse" and that the offense is a felony of the third degree if it is committed
against "a member of the defendant's family or household, if it is shown on the trial of the offense
that the defendant has been previously convicted of an offense against a member of the defendant's
family or household under this section." Tex. Pen. Code Ann. § 22.01 (Vernon 2003 & Supp.
2004–2005). The State introduced evidence showing that Owen intentionally or knowingly caused
bodily injury to Craven, that Craven was residing with Owen at the time of the incident, and that
Owen had previously been convicted of assault on a family or household member.
            After spending several days in the woods illegally hunting deer, Owen returned home on the
evening of February 4, 2004, and Craven prepared dinner. After Craven finished her meal, she
scraped her remaining food onto Owen's plate and in the process accidentally knocked over Owen's
glass of soda. A heated discussion ensued. After an exchange of words, Craven testified she
attempted to leave to return some videotapes to Blockbuster. When Craven attempted to leave,
Owen grabbed her by the hair and pulled her to the floor. Craven testified she hit her head on the
kitchen floor and was briefly "stunned." When Craven got up and attempted to run to the bedroom,
Owen picked her up and threw her across the playpen. Craven testified her back hit the playpen and
bent it. At this point, Craven picked up her infant daughter and attempted to leave again. Owen
chased her around the house, dragged her back into the living room, and hit her in the face while she
was holding her daughter. Craven testified Owen then bit her in the face "like [he was] trying to take
a hunk out of [her] face." Craven attempted to run away again, and Owen put his arm across her
neck and started to choke her. When Owen let go, he picked up a hammer and threatened to kill her
and her daughter. Craven testified she then kicked him, grabbed the hammer, threw it at him, and
ran out of the house. Craven went to a neighbor's house and called the police. Deputy Tony
Monsivais, with the Gregg County Sheriff's Department, testified Craven had a bloody lip, dried
blood on her lip, and a bite mark on her left cheek. "Matters of credibility and conflicts in the
evidence fall within the exclusive purview of the fact finder." Obigbo v. State, 6 S.W.3d 299, 305
(Tex. App.—Dallas 1999, no pet.). From Craven's version of the incident, a rational juror could
have concluded Owen caused bodily injury to Craven.
            In addition, the State introduced evidence that Craven was residing with Owen and that Owen
had been previously convicted of assault on a family member. Craven and Owen began their
intimate relationship in September of 2003. Although Craven had moved out at least once during
the relationship, she testified she was residing with Owen at the time of the incident. The State
introduced a "pen packet" of the prior conviction of assault on a family or household member, and
Owen admitted to the prior conviction during his testimony. Viewed in a neutral light, the evidence
is not too weak to support the finding of guilt beyond a reasonable doubt. 
            While Owen testified that Craven attacked him armed with a hammer and he then was forced
to defend himself, the contrary evidence is not so strong that the State could not have met its burden
of persuasion concerning self-defense. Owen testified Craven became angry when he received a text
message reading "I love you" on his cell phone from another woman. According to Owen, Craven
threw a soda can at him. Owen testified he then "dumped" his drink in her face and threw his cell
phone with the text message against the stove. According to Owen, Craven went "ballistic" and
struck him several times with a closed fist. Owen testified Craven then grabbed the hammer off the
counter and hit him in the shoulder with the hammer. During the struggle over the hammer, Owen
claims he bit Craven in the face to try to prevent her from swinging the hammer at him. Once she
relinquished the hammer, Owen testified Craven then picked up her daughter and left. The jury is
the sole judge of the credibility of the witnesses and the weight given their testimony. Id. at 304; see
Whitaker v. State, 977 S.W.2d 595, 598 (Tex. Crim. App. 1998). Viewed in a neutral light, the
evidence contrary to the verdict is not so strong that the State could not have met its burden of
persuasion. 
            The evidence is factually sufficient. We affirm the judgment of the trial court.


                                                                        Jack Carter
                                                                        Justice
 
Date Submitted:          February 24, 2005
Date Decided:             February 25, 2005

Do Not Publish